UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:07CV-53-M
CRIMINAL ACTION NO. 4:04CR-32-M

TIMOTHY WAYNE BRACKETT                                         MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                       RESPONDENT/PLAINTIFF

## MEMORANDUM AND ORDER

On or about April 13, 2007, Movant/Defendant, Timothy Wayne Brackett, filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 58). The Court referred the matter to Magistrate Judge E. Robert Goebel for a report and recommendation (DN 60). On June 22, 2007, the Magistrate Judge recommended that the § 2255 motion be denied and that a certificate of appealability also be denied (DN 64). In accordance with 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge filed his report and recommendation with the Court and provided a copy to the parties, who were given ten days after being served with a copy to file written objections. *Id.* It appears that Movant received the Magistrate Judge's report and recommendation because it was not returned to sender. Nevertheless, Movant did not file any written objections with the Court. Accordingly, on July 30, 2007, the Court entered an Order adopting the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge, denying Movant relief under § 2255 and denying a certificate of appealability (DN 66). The Order was mailed to the Movant, but was returned as undeliverable by the United States Postal Service on or about August 14, 2007 (DN 67). Thereafter, the Clerk of Court determined that Movant had been

transferred to another facility and mailed the Order to the address listed for Movant on the Bureau of Prison's website. Movant then filed two substantively identical motions requesting "an extension of time to file 2255" (DNs 68-69), which are currently before the Court for consideration.

A review of the motions makes clear that Movant is seeking additional time to file a new, second § 2255 motion, as opposed to additional time to appeal the Court's denial of his first § 2255 motion. Movant explains: "I filed a 2255 back in April. . . . I am requesting for an extension to allow me to file my 2255 with the Courts again." Movant indicates that he seeks to raise the same issues in the second petition that he raised in the first petition, and needs an indefinite amount of additional time to do legal research related to those claims. "Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion. *Reed v. United States*, 13 Fed. Appx. 311, 313 (6th Cir. 2001) (citing United States v. Leon, 203 F.3d 162, 163-64 (2d Cir. 2000)). Accordingly, Movant's motions for extension of time **(DNs 68-69) are DENIED**. Additionally, should Movant elect to file another 28 U.S.C. § 2255, the Court instructs him that "a second or successive motion must be certified as provided in section 2244[1] by a panel of the court appeals" before it may proceed. Accordingly, should Movant

---

[1]Title 28 U.S.C. § 2244 states, in relevant part:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered

desire to file a second or successive § 2255 motion, he must first seek relief from the Sixth Circuit Court of Appeals.

As procedural guidance, the Court also instructs Movant that should he desire to move the Court for an extension of time to appeal the Court's denial of his first § 2255 motion with the Sixth Circuit Court of Appeals on the basis that he did not receive timely notice of the Court's dismissal Order, he may seek relief under Federal Rule of Appellate Procedure 4(a)(5), which allows the district court may extend the time to file a notice of appeal, if a party (1) moves for extension "no later than 30 days after the time prescribed by this Rule 4(a) expires [30 days after entry of judgment]" or, in other words, moves for extension no later than 60 days after entry of the judgment; and (2) "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i) and (ii).  In the event that Movant wants to file such a motion, the **Clerk of Court is DIRECTED to mail Movant the Court-approved motion form for use by *pro se* litigants.**

Date:

cc:     Movant, *pro se*
        Counsel of Record
4414.008

---

previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).